IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BONNIE FINCH**,

        Plaintiff,

v.

**LEGACY HEALTH**,

        Defendant.

Case No. 3:24-cv-1255-SI

**ORDER**

**Michael H. Simon, District Judge.**

      Bonnie Finch has sued her former employer Legacy Health ("Legacy"). Plaintiff's Complaint (ECF 1) asserts two claims for unlawful employment discrimination. Plaintiff first alleges violations of Oregon Revised Statutes ("ORS") § 659A.030. Plaintiff next asserts violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. Plaintiff contends that Legacy terminated Plaintiff's employment after she refused to comply with Legacy's COVID-19 vaccine mandate on the grounds that receiving the COVID-19 vaccine conflicts with her sincerely held religious beliefs. Legacy has moved to dismiss all of Plaintiff's claims except for her failure-to-accommodate claim brought under Title VII, arguing that Plaintiff has failed to state a claim and has failed to exhaust administrative remedies, and that her state-law failure-to-accommodate claim is not timely. Plaintiff has agreed voluntarily to dismiss all claims other than

her failure-to-accommodate claims under Title VII and state law. For the reasons explained below, the Court grants Legacy's motion.[1]

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial

---

[1] Notwithstanding Legacy's request for oral argument, the Court does not believe that oral argument would assist in resolving the pending motion. See LR 7-1(d)(1).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## FACTUAL BACKGROUND

In her Complaint (ECF 1), Plaintiff alleges that she is a registered nurse who worked as a lactation expert in the maternity ward for Legacy Salmon Creek Medical Center for more than 26 years. Compl. ¶ 16. Plaintiff worked for Legacy until Legacy terminated Plaintiff's employment on October 19, 2021. *Id.* ¶ 17.

Plaintiff alleges that the COVID-19 pandemic began in March 2020. *Id*. ¶ 6. Plaintiff asserts that she "was an exceptional employee and maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary." *Id.* In the summer of 2021, Legacy announced that it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. *Id*. ¶ 7. Legacy informed its employees that individuals who had religious beliefs that conflicted with taking the vaccine could apply for a religious exception. *Id*. Plaintiff states that she has serious religious objections to taking the vaccine because "she believes, as a Christian, that she is to 'obey God, rather than men,' Acts 5:29." *Id.* ¶ 17. She also states that she "is strongly opposed to taking the life of any human or fetus" and thus could not take the COVID-19 vaccines because human fetal cell lines were used in their "confirmation, testing, or manufacturing." *Id.* Plaintiff further asserts that she believes that healing comes from

PAGE 3 – ORDER

God and that "her body is a temple." *Id.* On August 30, 2021, Plaintiff presented to Legacy her written request for a religious exception. *Id*. Legacy denied her request and placed her on unpaid leave on October 1, 2021, and then terminated her employment on October 19, 2021. *Id.*

On August 15, 2022, Plaintiff filed an administrative complaint with the Oregon Bureau of Labor and Industries ("BOLI") and requested that BOLI cross-file her complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). Decl. of Sophie Shaddy-Farnsworth (ECF 10) ¶ 2, Ex. 1.[2] On February 10, 2023, BOLI dismissed Plaintiff's charge and issued her a notice of her right to file a civil suit within 90 days. *Id.* ¶ 3, Ex. 2. On April 22, 2024, the EEOC issued its notice of Plaintiff's right to file a civil suit within 90 days. *Id.* ¶ 4, Ex. 3.[3]

## DISCUSSION

Legacy argues that Plaintiff's state-law failure-to-accommodate claim is untimely because it was filed after the 90-day period provided by ORS § 659A.875(2). ORS § 659A.875 states: "Except as provided in subsection (2) of this section: . . . A civil action under ORS 659A.885 alleging a violation of ORS . . . 659A.030 . . . must be commenced not later than five years after the occurrence of the alleged violation." ORS § 659A.875(1)(b). Subsection (2) provides: "A person who has filed a complaint under ORS 659A.820 [the section providing for the filing of complaints with BOLI] must commence a civil action under ORS 659A.885 within the applicable time period after a notice is mailed to the complainant under ORS 659A.880." *Id.*

---

[2] Legacy argues that the Court may take judicial notice of Plaintiff's BOLI complaint and the related right-to-sue letters because they are "undisputed matters of public record." *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis omitted). Plaintiff has not opposed Legacy's requst. These documents are all matters of public record, and their accuracy is not reasonably subject to debate. Accordingly, the Court grants Legacy's request.

[3] Legacy does not challenge the timeliness of Plaintiff's federal failure-to-accommodate claim at this time because Plaintiff alleges that she did not receive the EEOC right-to-sue letter until May 3, 2024, exactly 90 days before she filed her Complaint in this case. *See* Compl. ¶ 2.

§ 659A.875(2). Plaintiff does not dispute that she filed this lawsuit more than 90 days after receiving her right-to-sue letter from BOLI, but responds that ORS § 659A.875 creates a statute of limitations that is the longer of five years after the occurrence of the alleged violation or 90 days after the right-to-sue letter is mailed.

In support of her argument, Plaintiff relies on the Court's prior holding in *Daniel v. Oregon Health & Sciences University*, 262 F. Supp. 3d 1079 (D. Or. 2017). In that case, the Court interpreted an earlier version of ORS § 659A.875 that established a one-year statute of limitations and held the statute "provides a statute of limitations of one year or 90 days after the mailing of a BOLI right-to-sue letter, *whichever is longer*." *Id.* at 1086 (emphasis in original). As the Court noted in its Order in *Perez v. Legacy Health*, the Court now concludes that ORS § 659A.875 "requires that a person must commence a civil action within 90 days of receiving a right-to-sue letter from [BOLI], and no longer adheres to its holding in *Daniel*." 2025 WL 642234, at *1 n.2 (D. Or. Feb. 27, 2025). The text of subsection (1), however, is clear that the five-year statute of limitations applies *except* under the circumstances described in subsection (2); that is, when the plaintiff has received a right-to-sue letter from BOLI. Thus, Plaintiff's state-law failure-to-accommodate claim is untimely.

## CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss. ECF 9. The Court DISMISSES Plaintiff's state-law failure-to-accommodate claim with prejudice. The Court DISMISSES all of Plaintiff's other claims except for her federal failure-to-accommodate claim without prejudice.

**IT IS SO ORDERED**.

DATED this 29th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge